UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY L. McSHEPARD, | ) | Case No. 1:09CV2042 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, Jr. |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| FRANK SHEWALTER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| | ) | |

Petitioner Billy McShepard ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner seeks relief for alleged constitutional violations that occurred during his Lorain County, Ohio Court of Common Pleas conviction for felonious assault on a peace officer, having weapons under disability, receiving stolen property, trafficking in marijuana, possession of cocaine, possession of criminal tools, and possession of drug abuse paraphernalia.  ECF Dkt. #1.  On February 11, 2010, Respondent Frank Shewalter ("Respondent") filed a Return of Writ.  ECF Dkt. #9.  On April 27, 2010, Petitioner filed a traverse. ECF Dkt. #18.  Petitioner also filed a motion for leave to amend his petition, which the undersigned denied.  ECF Dkt. ##14, 23.  Petitioner has not objected to that order.

The case was referred to the undersigned for a Report and Recommendation.  For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

## I.      SYNOPSIS OF THE FACTS

The Ninth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. §2254(e)(1);

*Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999).  As set

forth by the Eighth District Court of Appeals, the facts are:

> {¶ 2} In the early morning hours of November 25, 2004, several officers drove to McShepard's residence to question him about a shooting incident that had occurred an hour or so earlier. Five officers approached the residence in full uniform while carrying flashlights, but they chose to "black out" their vehicles so as not to draw attention to themselves. Sergeant Dennis Davis walked up to McShepard's front door and knocked loudly, identifying himself as a police officer. He was able to see inside the window of the residence and recognized McShepard standing in the living room. Sergeant Davis then saw McShepard retrieve a handgun from the waistband of his pants and approach the window. Sergeant Davis alerted the other officers to the gun, and they scattered to seek better cover. Meanwhile, McShepard continued to look out the window and shouted, "who the f* *k is in my driveway?" Although one of the officers shouted "it's the police" in return, McShepard fired a shot from the window down towards his driveway. The bullet entered the hood of his parked car a few feet from where several officers stood. The police then identified themselves again, and McShepard surrendered without further incident.

> {¶ 3} Police conducted an initial sweep of McShepard's residence to ensure their safety, and then set up a perimeter while they obtained a search warrant for a more thorough search. During their search, police uncovered several items, including: (1) four handguns and one sawed off shotgun from the living room; (2) two digital scales coated with cocaine and marijuana residue; (3) several plastic baggies containing marijuana residue; (4) vegetable matter with a total weight of 673.31 grams which contained marijuana; and (5) $1,551 in cash. Police also obtained a warrant for McShepard's safety deposit box, which contained approximately $60,000 in cash.

> {¶ 4} The grand jury initially indicted McShepard on charges in two separate cases, Lorain Common Pleas Nos. 04CR066836 & 05CR067231. However, the trial court later granted a motion to consolidate the two cases. McShepard's jury trial commenced on September 11, 2006. The jury found McShepard guilty of felonious assault on a peace officer pursuant to R.C. 2903.11(A)(2) and (D)(1), having weapons under disability pursuant to R.C. 2923.13(A)(2)/(3), three counts of receiving stolen property pursuant to R.C. 2913.51(A), trafficking in marijuana pursuant to R.C. 2925.03(A)(2), possession of cocaine pursuant to R.C. 2925.11(A), possession of criminal tools pursuant to R.C. 2923.24(A), and possession of drug abuse paraphernalia pursuant to R .C. 2925.14(C)(1). Additionally, the jury found McShepard guilty of multiple firearm specifications. The trial court sentenced McShepard to a total of twenty years in prison and five years of mandatory post-release control. FN1

> > FN1  While his criminal case was pending, the State also filed a civil forfeiture action against McShepard, claiming that he had previously used drug proceeds to purchase two parcels of real estate. Although the forfeiture action was unrelated to the criminal case, the trial judge presiding over the forfeiture stayed the action pending the resolution of the criminal case. After McShepard was convicted and sentenced, the trial judge reinstated the forfeiture action and ordered forfeiture. We disposed of McShepard's appeal on the civil forfeiture ruling in *State v. McShepard*, 9th Dist. No. 07CA009118, 2007-Ohio-6006.

*State v. McShepard*, 2008 WL 834448 (Ohio App. 9 Dist. Mar. 31, 2008),  unreported; ECF Dkt.

#9, Ex. 20.

## II.      PROCEDURAL HISTORY

### A.      State Trial Court

On February 23, 2005, the Lorain County, Ohio prosecuting attorney filed an indictment charging Petitioner with: (Count One) Felonious Assault on a Police Officer, in violation of O.R.C. § 2903.11(A)(2); (Count Two) Attempted Murder, in violation of O.R.C. § 2923.02(A); (Count Three) Having Weapons While Under a Disability, in violation of O.R.C. § 2923.13(A)(3); and (Counts Four, Five, and Six) Receiving Stolen Property, in violation of O.R.C. §2913.51(A).   ECF Dkt. #9, Ex. 1.   All Counts carried firearm specifications.  *Id*.   The same day, the prosecuting attorney filed a second indictment charging Petitioner with: (Count One) Trafficking in Marijuana, in violation of O.R.C. § 2925.03(A)(2); (Count Three)[1] Possession of Cocaine, in violation of O.R.C. § 2925.11(A); (Count Four) Permitting Drug Abuse, in violation of O.R.C. § 2925.13(B); (Count Five) Possession of Criminal Tools, in violation of O.R.C. § 2923.24(A); and (Count Six) Possession of Drug Abuse Paraphernalia, in violation of O.R.C. § 2925.14(C)(1).   ECF Dkt. #9, Ex. 2.   Counts One, Three, Four, and Five carried firearm specifications and Counts One and Five carried forfeiture specifications.  *Id*.

The state filed a motion to consolidate, which the court granted.   ECF Dkt. #9, Ex. 5, 6.   On June 23, 2005, Petitioner filed a motion to suppress, contending that the search warrant failed to establish probable cause and was predicated upon an illegal warrantless search.   ECF Dkt. #9, Ex. 7.   On July 26, 2006, Petitioner filed a supplemental brief.   ECF Dkt. #9, Ex. 8.   On September 8, 2006, the trial court denied Petitioner's motion.   ECF Dkt. #9, Ex. 10.

The case proceeded to a jury trial.   ECF Dkt. #9, Ex. #11.   The jury convicted Petitioner of all counts.  *Id*.   On September 20, 2006, the trial court sentenced Petitioner to an aggregate term of 20 years of imprisonment.   ECF Dkt. #9, Ex. #12.

### B.      Direct Appeal

On October 2, 2006, Petitioner filed a notice of appeal to the Ohio Court of Appeals for the

---

[1]         The indictment does not contain a count labeled "Count Two".

Ninth District. ECF Dkt. #9, Ex. 13. On July 12, 2007, the appellate court dismissed the appeal for a failure timely file an appellate brief. ECF Dkt. #9, Ex. 14.

On September 12, 2007, Petitioner, now represented by the Public Defender's Office, filed an application to reopen his appeal pursuant to Ohio Rule of Appellate Procedure 26(B). ECF Dkt. #9, Ex. 15. On September 28, 2007, the appellate court granted Petitioner's application and reopened the appeal. ECF Dkt. #9, Ex. 16.[2]

On December 17, 2007, Petitioner filed a merit brief in support of his appeal and raised the following assignments of error:

1. Billy McShepard was denied his state and federal constitutional rights to due process and a fair trial when the trial court entered a judgment of conviction against him in the absence of sufficient evidence to support the conviction. Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, Sections 5 and 16, Article I of the Ohio Constitution. (Transcript, *passim*; September 20, 2006 Judgment Entry of Conviction and Sentencing)

2. The trial court denied Mr. McShepard due process of law, by sentencing him to more than a minimum term of imprisonment, in violation of the *ex post facto* doctrine. Fifth and Fourteenth Amendments, United States Constitution. (Journal Entry of Conviction and Sentence, September 20, 2006; tr. pp. 1295-1298).

3. The trial court denied Mr. McShepard due process of law, by sentencing him without due consideration to Ohio's general guidance statutes. Fifth and Fourteenth Amendments, United States· Constitution; R.C. 2929.11 and R.C. 2929.12. (Judgment Entry of Conviction and Sentence, September 20, 2006; tr. pp. 1295-1300).

4. The trial court sentence is void because it failed to notify Mr. McShepard at the sentencing hearing about postrelease control; resentencing at a *de novo* sentencing hearing is mandated. RC. 2929.l9(B)(3)(c) and (d); *State v. Bezak*, 114 Ohio St.3d 94, 2007-0hio-3250; *State v. Jordan*, 104 Ohio St.3d 21, 2004-0ruo-6085 (Judgment Entry of Conviction and Sentence, September 20,2006; tr. pp. 1295-1300).

ECF Dkt. #9, Ex. 17.

On March 31, 2008, the Ohio Court of Appeals for the Ninth District affirmed the trial court's judgment in part and reversed it in part. ECF Dkt. #9, Ex. 20. The appellate court found that the trial court failed to review the full breadth of Petitioner's sentence during a single sentencing

---

[2]   Prior to seeking to reopen his appeal, Petitioner unsuccessfully appealed to the the Supreme Court of Ohio. *See* ECF Dkt. #9, Ex. 21-24.

hearing with counsel present and it was therefore necessary to remand the case for resentencing. *Id*. at ¶¶ 22-28.

### C.    Supreme Court of Ohio

On May 15, 2008, Petitioner filed a notice of appeal and a brief in support of jurisdiction in the Supreme Court of Ohio, raising the following propositions of law:

Proposition of Law No. 1:

> Given the lack of proof (1) an accused intended to cause physical harm and (2) knew the property involved was stolen, the evidence is insufficient to support a conviction of either felonious assault, or receiving stolen property; hence the accused was entitled to an acquittal.

Proposition of Law No. 2:

> An appellate counsel for a convicted defendant provides ineffective assistance when he fails to raise the ineffective assistance of trial counsel issue, based on his failure to file a sufficient "Motion to Suppress and for the Return of Illegally Seized Property" (on the basis of certain tenets that were clearly violated), and by failing to even Challenge the Court's flawed Ruling that resulted in the forfeiture of monies and other property without a constitutional basis therefore, and in violation of the Excessive Fines Clause of the United States Constitution.

ECF Dkt. #9, Ex. 25, 26.  On September 10, 2008, the Supreme Court of Ohio dismissed the appeal as not involving a substantial constitutional question.  ECF Dkt. #9, Ex. 28.

### D.    Second Application to Reopen Appeal

On July 1, 2008, Petitioner filed a second application to reopen his direct appeal.  ECF Dkt. #9, Ex. 29; *see also* ECF Dkt. #9, Ex. 15.  Petitioner claimed that appellate counsel was ineffective and his appeal should be reopened for the following reasons:

1.    I was not judged by an impartial jury of my peers. U.S.C.A. Const. Amend. Violation 5-due process right to a fair trial; 6-right to an impartial jury; 14 no state shall deprive me of my life or liberty without due process; 14 no state shall deny be equal protection of the laws.

2.    My trial counsel failed to, and the judge allowed, prosecutorial statements calculated to incite the passions and prejudices of the jurors. U.S.C.A. Const. Amend. Violation 5-due process right to a fair trial; 6 right to an impartial jury; 14-no state shall deprive me of my life or liberty without due process; 14-no state shall deny me equal protection of the laws.

3.    My trial counsel failed to object to, and the judge improperly instructed the jury of, the inapplicable doctrine of transferred intent. U.S.C.A. Const. Amend. Violation 5—due process right to a fair trial; 5-due process right to have a jury properly instructed;6-right to an impartial jury; 8-disproportionate sentence

-5-

with the criminal facts alleged; 14- not state shall deprive me of my life or liberty without due process; 14-not state shall deny me equal protection of the laws.

4.  My trial counsel and the judge failed to apply the proper legal defenses to the facts of my position. U.S.C.A. Const. Amend. Violation 5-due process right to a fair trial; 14-no state shall deprive me of my life or liberty without due process; 14-no state shall deny me equal protection of the laws.

5.  Self defense. U.S.C.A. const. Amend. Violation 5-due process right to present my full defense; 14-no state shall deprive me of my life or liberty without due process; 14-no state shall deny me equal protection of the laws.

6.  Lesser included offense of aggravated assault. U.S.C.A. Const. Amend. Violation 5-due process right to have a jury properly instructed on all matters of law before them; 8-disproportionate sentence with the crime alleged; 14-no state shall deprive me of my life or liberty without due process; 14-no state shall deny me equal protection of the laws.

7.  My conviction of felonious assault on a peace officer by means of a deadly weapon is against the manifest weight of the evidence. U.S.C.A. Const. Amend. Violation 5-due process; 14-no state shall deprive me of my life or liberty without due process; 14 no state shall deny me equal protection of the laws.

8.  Issues II(A), (B), (C), (D), & III cumulatively rendered my trial fundamentally unfair, U.S.C.A. Const. Amend. Violation 5-due process right to a fair trial; 14-no state shall deprive me of my life or liberty without due process; 14-no state shall deny me equal protection of the laws.

ECF Dkt. #9, Ex. 29.  On July 2, 2008, Petitioner filed a motion to supplement his application for reopening.  ECF Dkt. #9, Ex 30.  On July 11, 2008, the appellate court denied Petitioner's application.  ECF Dkt. #9, Ex. 31.

**E.  Petition to Vacate of Set Aside Sentence**

On October 10, 2007, Petitioner filed a petition in the Lorain County Court of Common Pleas, seeking to vacate or set aside his sentence.  ECF Dkt. #9, Ex. 32.  Petitioner raised the following claims:

1.  Inaffective [sic] Assistance of Council [sic]: Never interviewed any of my witnesses, never went to crime scene, refused to put all my witnesses on stand, didn't subpoena all my witnesses, no plea bargain

2.  Inaffective [sic] Assistance of Council [sic]: No plea bargain, Attorney Lieux told me to cop out to indictment take my chance with the judge.

3.  Inaffective [sic] Assistance of Council [sic]: I asked him for an [sic] forensic expert to show proximity of shot fired by Officer Super

-6-

4.      Inaffective [sic] Assistance of Council [sic]:  Me and Attorney Lieux never sat down and prepaired [sic] for my case he told me I was fighting a losing battle. He went to trial unprepared [sic] and never discussed any strategy with me prior or during my case.

ECF Dkt. #9, Ex. 32.  On November 7, 2007, the Lorain County Court of Common Pleas denied the petition to vacate or set aside Petitioner's sentence.  ECF Dkt. #9, Ex. 34.

**F.      Resentencing**

On July 30, 2008, Petitioner appeared in the Lorain County Court of Common Pleas for resentencing.  ECF Dkt. #9, Ex. 35.  The court journalized its sentencing judgment entry on August 19, 2008.  *Id*.  Petitioner was sentenced to an aggregate term of eleven years of imprisonment.  *Id*.

On September 5, 2008, Petitioner filed a notice of appeal from the trial court's resentencing order.  ECF Dkt. #9, Ex. 36.  On November 24, 2008, the appellate court dismissed the appeal due to Petitioner's failure to comply with Loc.R. 3.  ECF Dkt. #9, Ex. 37.

**G.      28 U.S.C. § 2254 Petition**

On August 27, 2009, Petitioner filed the instant petition for a writ of habeas corpus.  ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).  Petitioner has raised the following grounds for relief:

**GROUND ONE:**
Felonious Assault On a Peace Officer/Amendments, 4, 5, 6, and 14.

**GROUND TWO:**
Receiving Stolen Property/amendments, 4, 5, 6, and 14.

**GROUND THREE:**
Ineffective Assistance of Appellate Counsel/Amendments 4, 5, 6, and 14.

**GROUND FOUR:**
Drug Trafficking, Marijuana/Amendments, 4, 5, 6, and 14.

**GROUND FIVE:**
Possession of Cocaine/Amendments 4, 5, 6, and 14.

**GROUND SIX:**
Ineffective Assistance of Appellate Counsel/Amendments, 4, 5, 6, and 14.

**GROUND SEVEN:**
Ineffective Assistance of Trial Counsel/Amendments, 4, 5, 6, and 14.

**GROUND EIGHT:**
> The Petitioner was not Judged by An Impartial Jury of His Peers violating the Petitioner [sic] Due Process Right to a Fair Trial/Amendments, 4, 5, 6, and 14.

**GROUND NINE:**
> Petitioner [sic] Trial Counsel failed to object and the Judge allowed Prosecutorial Statements Calculated to Incite the Passions and Prejudice of the Jurors Violations [sic] Due Process right to A fair Trial./Amendments, 4, 5, 6, and 14.

**GROUND TEN:**
> Petitioner [sic] Trial Counsel failed to object to and The Judge Improperly Instructed the Jury of the Inapplicable Doctrine of Transferred Intent./Amendments, 4, 5, 6, and 14.

**GROUND ELEVEN:**
> Petitioner [sic] Trial Counsel and the Judge failed to Apply the Proper Legal Defenses to the Facts of the Petitioner Position Violation of Due Process Right/Amendments, 4, 5, 6, and 14.

**GROUND TWELVE:**
> Self Defense, Due Process Right to Present the Petitioner [sic] Full Defense/Amendment, 4, 5, 6, and 14.

**GROUND THIRTEEN:**
> Lesser Included Offense of Aggravated Assault Due Process Right to have a Jury Properly Instructed on all Matter of The Law, Disaproportionate [sic] Sentence with the Crime Alleged./Amendments, 4, 5, 6, and 14.

**GROUND FOURTEEN:**
> Missing Transcripts/Amendments, 4, 5, 6, and 14.

**GROUND FIFTEEN:**
> These Issues Herein Cumulatively Rendered the Petitioner [sic] Trial Fundamentally Unfair Violation of the Petitioner [sic] Due Process Rights/Amendments, 4, 5, 6, and 14.

ECF Dkt. #1.  On February 11, 2010, Respondent filed a Return of Writ.  ECF Dkt. #9.  On April 27, 2010, Petitioner filed a traverse.  ECF Dkt. #18.

**III.    PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

The AEDPA statute of limitations is not an issue in this case.  *See* ECF Dkt. ## 1, 9, 18.

Respondent contends, however, that Petitioner's claims are procedurally defaulted.  ECF Dkt. #9 at 10-16.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

(1)    whether the petitioner failed to comply with an applicable state procedural rule;

(2)    whether the state courts actually enforced the state procedural sanction;

(3)    whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.  Simply stated, a federal court may review federal claims:

that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).  The above standards apply to the

Court's review of Petitioner's claims.

**IV**.    **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 26, 2007, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)    resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue

-10-

the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.   Decisions of lower federal courts may not be considered.

B.   Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.   The state court decision may be overturned only if:

  1.   It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

  2.   the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

  3.   'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

  4.   the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.   Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.   Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V.   ANALYSIS

### A.   Procedural Default Analysis

#### i. Grounds 4  and 5

The undersigned will first address Ground Four (insufficient evidence for conviction of Trafficking in Marijuana) and Ground Five (insufficient evidence for conviction of Possession of Cocaine). Respondent contends that these claims are procedurally defaulted because Petitioner failed to present them to the Supreme Court of Ohio for discretionary review. ECF Dkt. #9 at 14.

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Further, a failure to present a federal habeas claim to a state's highest court for discretionary review, when that review is part of the ordinary appellate review procedure, results in a procedural default of that claim.  *Id*. at 847-48.  Petitioner has, in fact, failed to present Grounds Four and Five to the Supreme Court of Ohio.  Consequently, those claims are procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice.  *See* ECF Dkt. #9, Ex. 26; *O'Sullivan*, 526 U.S. at 854 citing *Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986).  The undersigned will address cause and prejudice below, and Petitioner has not asserted that a fundamental miscarriage of justice will occur by enforcing the procedural default in this case.

### ii. Grounds 6 through 15

Respondent contends that Petitioner has never presented the state courts with the claims he now asserts in Grounds 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15.  ECF Dkt. #9 at 12-13.  Consequently, Respondent contends that the Ohio courts have been deprived of the opportunity to review these claims.  *Id*.  Respondent further contends that if Petitioner were to now present these claims to the Ohio courts, they would be dismissed due to *res judicata*.  *Id*. citing *State v. Cole*, 2 Ohio St. 3d 112, 114, n. 1 (Ohio 1982).

The undersigned agrees that the claims Petitioner never raised in the state courts are now procedurally barred.  "When the petitioner has failed to present the grounds to the state courts and has exhausted his claims because no state remedy remains available, his grounds are procedurally defaulted."  *Landrum v. Mitchell*, ___ F.3d ___, 2010 4352213 (Nov. 4, 2010), *slip op.* at *10.  A question exists as to which claims were never presented.  Most obviously, Petitioner never raised Ground 14 (missing transcripts) in the state courts.  So, that claim is procedurally defaulted.  *Id*.

In Grounds Six and Seven, Petitioner asserts claims for ineffective assistance of appellate and trial counsel, respectively.  ECF Dkt. #1.  The scope of those claims is unclear.  With respect to appellate counsel, the petition states that "Any competent Appellate Counsel should have seen the meritorious issues raise [sic] herein," and with respect to trial counsel, the petition states that "trial counsel was deficient for abdicating essential duties to the petitioner by his failure to object and or

-13-

perform the issues herein." *Id*. at 11-12.  Of note, Ground Three of the petition asserts an ineffective assistance of appellate counsel claim for a failure to raise an ineffective assistance of trial counsel claim based upon the failure to file a motion to suppress evidence.  *Id*. at 10.  Therefore, Grounds Six and Seven must refer to other substantive claims as the basis of Petitioner's ineffective assistance of counsel claims, aside from the failure to pursue a motion to suppress.

The record shows that Grounds 7, 8, 9, 10, 11, 12, 13, and 15 ("Grounds 7-13, 15") closely resemble claims raised in Petitioner's second Rule 26(B) application as the basis of his ineffective assistance of appellate counsel claim.[3]  Notably, Petitioner interwove assertions of ineffective assistance of trial counsel throughout his 26(B) application, and he included a cumulative error assertion, as he now states in Grounds Seven and Fifteen respectively.[4]  Petitioner did not properly preserve these underlying substantive claims in the state courts because he raised them for the first time in his second Rule 26(B) application.  *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ("a Rule 26(B) application based on ineffective assistance cannot function to preserve the underlying substantive claim.").  Therefore, Grounds 7-13, 15 are procedurally defaulted to the extent that they are stated as substantive claims.  *Landrum*, 2010 4352213 at *10.

These claims are also procedurally defaulted under the *Maupin* test.  Under the first prong,

---

[3]

| Table of Correlations between Federal Habeas Petition and Second 26(B) Application | | | |
|---|---|---|---|
| **28 U.S.C. §2254** | | **ECF Dkt. #9, Ex. 29** | |
| *compare* | Ground 8 | *with* | pages 1-3 |
| *compare* | Ground 9 | *with* | pages 1-3 |
| *compare* | Ground 10 | *with* | pages 3-5 |
| *compare* | Ground 11 | *with* | pages 5-6 |
| *compare* | Ground 12 | *with* | pages 6-7 |
| *compare* | Ground 13 | *with* | pages 7-8 |

[4]     The undersigned acknowledges the cumulative error assertion in Petitioner's 26(B) application differs slightly from Ground 15 of the instant petition because the two pleadings state slightly different claims.

it is clear that Petitioner failed to comply with a state procedural rule because he did not raise the claims in Grounds 7-13, 15 on direct appeal. *See State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967)("Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."). Petitioner did not raise these claims at his first opportunity on direct appeal. ECF Dkt. #9, Ex. 17.

The next question is whether the state courts enforced the procedural rule. The state court in this case had no opportunity to enforce the procedural rule until Petitioner filed his second application to reopen his appeal. ECF Dkt. #9, Ex. 29. Although the appellate court did not enforce *res judicata* with respect to Grounds 7-13, 15 in this case, it did not reach the merits of Petitioner's claims because it enforced Ohio Rule of Appellate Procedure 26(B)'s filing deadline. *See* ECF Dkt. #9, Ex. 31.

In the context of exhaustion of state court remedies, the Sixth Circuit has noted that "The fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley,* 87 F.3d 1315 (Table), 1996 WL 266421 at *2. (6th Cir. May 17, 1996) citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also O'Sullivan*, 526 U.S. 838, 848-49 (acknowledging the close relationship between the exhaustion requirement and procedural default; ultimately holding that Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims.). The same premise applies here. *O'Sullivan*, 526 U.S. 838, 848-49 (exhaustion of remedies is related to procedural default). Petitioner failed to comply with two procedural bars. First, he failed to raise Grounds 7-13, 15 on his initial direct appeal. ECF Dkt. #9, Ex. 17. Second, he failed to file a timely application to reopen his direct appeal when he did present those claims as a basis for an assertion of an ineffective assistance of counsel claim. *See* ECF Dkt. #9, Ex. 29, 31. The fact that the state court invoked a procedural bar other than

-15-

*res judicata* when it denied Petitioner's second application to reopen should not prevent a finding of procedural default because the manner in which he presented the claims did not create a reasonable likelihood that the state court would consider them on their merits. Accordingly, this Court should find that the second prong of the *Maupin* test is satisfied.

The Court must next consider whether the Ohio courts invoked an adequate and independent state law ground foreclosing federal review of Petitioner's claim. The Sixth Circuit has held that "a petitioner's failure to raise his claims in Ohio courts is an adequate and independent state law ground for upholding the petitioner's conviction and sentence." *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) citing *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir.1999). Thus, Petitioner's failure to present Grounds 7-13, 15 on direct appeal satisfies the third prong of *Maupin*. Additionally, the Court should consider whether the Ohio appellate court's application of the Rule 26(B) time-bar poses an adequate and independent bar to federal habeas review. The Sixth Circuit has held that the timeliness requirements of Rule 26(B) are firmly established and regularly followed. *Landrum*, 2010 4352213 at *8-*9; *Fautenberry v. Mitchell*, 515 F.3d 614, 641-42 (6th Cir. 2008). Since Ohio's *res judicata* rule and Ohio's 26(B) deadline are both adequate and independent grounds foreclosing federal habeas review, the undersigned recommends that the Court find the third prong of the *Maupin* test to be satisfied.

Lastly, the Court must determine whether cause and prejudice exist. Petitioner does not assert cause for his default, but he has maintained that his appellate attorney was ineffective for failing to raise eight additional assignments of error. *See* ECF Dkt. #18 at 4. It is important to note here that the Ohio Court of Appeals did find Petitioner's appellate lawyer to be ineffective for failing to file a timely brief. ECF Dkt. #20 at ¶28. However, the Petitioner was permitted to reopen his appeal, and the claims at issue now are claims that he raised thereafter. Accordingly, his initial appellate attorney's deficient performance should not affect the Court's determination of cause.

"[A] claim of ineffective assistance of appellate counsel may excuse a procedural default so long as this claim is not itself procedurally defaulted." *Landrum*, 2010 WL 4352213 at *26; *see also id.* at *8-*9. Since Petitioner was untimely in presenting his claims of ineffective assistance of

-16-

appellate counsel based upon his failure to raise some of the claims asserted in the instant petition,[5] he has failed to establish cause for his procedural default.  And, as noted above, Petitioner has not alleged or demonstrated that a fundamental miscarriage of justice will occur by enforcing the procedural default in this case.  The undersigned recommends that the *Maupin* test is satisfied with respect to Grounds 7-13, 15.

The undersigned now turns to Ground Six.  The undersigned recognizes the possibility that Ground Six of the instant petition could state the same claims as the second Rule 26(B) application because it could be based upon Grounds 7-13, 15.  *See Franklin v. Rose*, 765 F.2d 82, 85 ( 6th Cir. 1985) ("The allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction. The appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief.") (internal quotations omitted); *but see Charley v. Bagley*, No. 1:03 CV 1607, 2006 WL 1624240 at *3 (N.D.Ohio, June 2, 2006), unreported (holding that a federal habeas petitioner must identify his claim).  Given that Ground Six asserts ineffective assistance of appellate counsel and Grounds 7-13, 15 present the same claims underlying Petitioner's second 26(B) application, the undersigned recommends that the Court conduct the four-part *Maupin* test to determine whether Ground Six is procedurally defaulted.

Under the first prong, it is clear that Petitioner failed to comply with a state procedural rule because he did not raise the ineffective assistance of counsel claim in Ground Six within Rule 26(B)'s ninety day filing period. ECF Dkt. #9, Ex. 31.  The next question is whether the state courts enforced the procedural rule.  The appellate court denied petitioner's application as untimely.  ECF Dkt. #9, Ex. 31.  Therefore, this Court should find that the second prong of the *Maupin* test is satisfied.  With respect to the third prong of *Maupin,* the undersigned has noted above that Ohio's Rule 26(B) time-bar is an adequate and independent state law ground foreclosing federal review of Petitioner's claim.  Lastly, the undersigned has determined above that Petitioner failed to demonstrate cause for his default.

---

[5]         *See supra* note 3.

For the foregoing reasons, the undersigned recommends that the Court find Grounds 6 through 15 of the instant petition to be procedurally defaulted.

**B.      Merits Analysis**

**i.      Ground One**

Ground One is best construed as a claim that Petitioner's conviction for Felonious Assault on a Peace Officer was not supported by sufficient evidence. *See* ECF Dkt. #1 at 8-9; ECF Dkt. #18 at 9.  The petition recounts the evidence introduced against Petitioner at trial and concludes that Petitioner did not cause or attempt to cause harm to anyone, let alone a police officer, and he did not have any intention to harm anyone.  ECF Dkt. #1 at 9.

An allegation that the verdict was entered upon insufficient evidence states a claim under the due process clause of the Fourteenth Amendment to the United States Constitution.  *Jackson v. Virginia*, 443 U.S. 307, *reh'g denied*, 444 U.S. 890 (1979), *and In re Winship*, 397 U.S. 358 (1970). "In assessing the sufficiency of the evidence, we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *Id.*  (internal citation omitted).  In order to establish an insufficiency of the evidence claim, "the relevant inquiry is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006) *quoting Jackson,* 443 U.S. at 319. "This requires successful challengers to meet a very high threshold, even with respect to newly-discovered evidence." *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006).  The inquiry is not whether the jury made the *correct* determination of guilt or innocence, but whether it made a *rational* decision to acquit or convict. *Williams v. Haviland,* No. 1:05CV1014, 2006 WL 456470, *3 (N.D.Ohio Feb. 24, 2006), citing *Herrera v. Collins,* 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).  A court should interfere with a jury verdict only to the extent necessary to guarantee the fundamental protections of due process of law.  *Scott,* 209 F.3d at 885 *quoting Jackson,* 443 U.S. at 319.

The Ninth District Court of Appeals summarized the statutory elements for felonious assault

-18-

on a peace office and conducted the following analysis:

### Felonious Assault

{¶ 8} At the time of McShepard's indictment, R.C. 2903.11 provided, in part:

"(A) No person shall knowingly[:]

" * * *

"(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance.

" * * *

"(D) * * * If the victim of a violation of division (A) of this section is a peace officer, felonious assault is a felony of the first degree."

The phrase 'deadly weapon' means "any instrument, device, or thing capable of inflicting death[.]" R.C. 2923.11(A). Under R.C. 2901.22(B), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

{¶ 9} McShepard argues that his felonious assault conviction was based on insufficient evidence because: (1) he did not intend to shoot anyone when he fired his gun; and (2) there was no evidence that anyone suffered physical or mental harm as a result of his actions. McShepard's first argument fails because the State need not prove actual intent in order to sustain a conviction under R.C. 2903.11(A)(2). The felonious assault statute only requires that a person knowingly commit an act. Thus, the mens rea element of the statute may be satisfied "regardless of [a defendant's] purpose" or his actual intent. See R.C. 2901.22(B).

{¶ 10} The record reflects that the police officers announced their presence when they arrived at McShepard's residence. Sergeant Davis knocked loudly on McShepard's door and indicated that he was a police officer. Additionally, when McShepard yelled, "who the f* *k is in my driveway," Sergeant Super yelled, "it's the police" in response. It was only after Sergeant Super shouted this response that McShepard fired his gun. The record further evinces that Sergeant Davis could see McShepard from his position on the front porch. This strongly suggests that McShepard saw Sergeant Davis as well. At trial, McShepard claimed that he aimed his gun at his car on purpose because he did not know who was in his driveway and just wanted to scare off whoever it might be. To agree with McShepard's version of the events, one would have to believe that he could see his car in the driveway, but not Sergeant Davis or the other officers standing directly next to the car. The facts simply do not support such an assertion. McShepard fired his gun into an area directly next to where several officers were

-19-

standing. Given the circumstances, there was a high probability that McShepard's conduct could have resulted in harm to one or more of the officers. See 2901.22(B) (specifying that a person acts knowingly when "his conduct will probably cause a certain result or will probably be of a certain nature"). We find that the record contains adequate facts to support McShepard's felonious assault conviction. See *Thompkins*, 78 Ohio St.3d at 386 (defining sufficiency as a test of adequacy).

{¶ 11} As to McShepard's second argument, the felonious assault statute does not require the State to present evidence of physical or mental harm to a victim. The statute prohibits any person from "caus[ing] or attempt[ing] to cause physical harm to another[.]" (Emphasis added.) R.C. 2903.11(A)(2). In viewing the evidence in a light most favorable to the State, we find that the evidence supports the conclusion that McShepard attempted to cause physical harm to one or more officers when he fired a bullet into an area mere feet from where they were standing. McShepard's challenge to his felonious assault conviction lacks merit.

ECF Dkt. #9, Ex. 20 at ¶¶ 8-11.

The undersigned recommends that the Court find that the appellate court did not unreasonably apply clearly established federal law. As the appellate court delineated, the state introduced evidence to show that Petitioner intentionally discharged a firearm in the direction of and in proximity to Sergeant Davis and other officers. *Id.*; *see also* Tr. at 270. Further, the appellate court found that the state introduced evidence to show that Sergeant Super yelled, "it's the police," before Petitioner discharged the weapon. *Id.*; *see also* Tr. at 511. If the jury believed this evidence, it would have been adequate to satisfy the requirements for a conviction of felonious assault of a peace officer, as outlined by the appellate court. Thus, the state did introduce sufficient evidence to support Petitioner's conviction for felonious assault on a peace officer, and the appellate court did not unreasonably apply clearly established federal law. Accordingly, the undersigned recommends that the Court dismiss Ground One in its entirety with prejudice.

### ii.    Ground Two

In Ground Two, Petitioner questions how he could have been convicted for receiving stolen property if none of the firearms in his possession were ever reported stolen. ECF Dkt. #1 at 10. This claim is best construed as a claim that his conviction is not supported by sufficient evidence. *See also* ECF Dkt. #18 at 19 (" There is a severe lack of evidence. So severe, in fact, that there is insufficient evidence to sustain a conviction of receiving stolen property."). The same standard

articulated above, in subsection ii., applies here.

The Ninth District Court of Appeals summarized the statutory elements for receiving stolen property and conducted the following analysis:

**Receiving Stolen Property**

{¶ 12} R.C. 2913.51, provides as follows:

> "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
>
> " * * *
>
> "(C) * * * [I]f the property involved is a firearm or dangerous ordnance * * * receiving stolen property is a felony of the fourth degree."

McShepard's convictions for receiving stolen property were based on his possession of three separate handguns: a Glock, a Hi Point, and a Bersa. Police recovered these handguns, as well as a fourth, from McShepard's residence on the night of their search. McShepard argues that the evidence "was less than clear" that he knowingly received this stolen property. He claims that he purchased the guns from other individuals and had no reason to know that they were stolen.

{¶ 13} Detective Dennis Moskal testified that during his investigation he obtained Alcohol, Tobacco, and Firearm ownership sheets for each of the three handguns. He further testified that he sent a letter to the registered owner of the Glock and that the owner responded that the gun had been stolen in 1999. He also noted that the serial numbers on Glock had been scratched as if someone had tried to make the gun less traceable. The registered owners of the Hi Point and Bersa guns actually testified at McShepard's trial. They both indicated that their guns went missing at some point and that they believed the guns had been stolen. Further, they both identified the Hi Point and the Bersa recovered from McShepard's home as the guns that they had previously owned. McShepard testified that he bought all four of his handguns privately from two separate individuals and paid a total of $400 for the guns. He stated that the individuals were "friend[s] of a friend" who were going through some troubles and had asked if he would like to purchase "some weapons" they had for sale. On cross examination, McShepard admitted that he paid a low price of approximately $100 per gun, but denied that he noticed any scratched off serial number on the guns.

{¶ 14} In viewing the evidence in a light most favorable to the State, we cannot say that this evidence was insufficient to support McShepard's convictions. Based on the evidence, a rational trier of fact could have concluded that McShepard had reasonable cause to believe that the Glock, Hi Point, and Bersa handguns were stolen when he

purchased them. See R.C. 2913.51(A). McShepard's sufficiency argument as to his receiving stolen property convictions is overruled.

ECF Dkt. #9, Ex. 20 at ¶¶ 12-14.

In the instant petition, Petitioner challenges one element of the crime – whether the firearms were in fact stolen. *See* ECF Dkt. #1 at 10; ECF Dkt. #18 at 17-19. The owners of all three pistols testified that the firearms were missing, that they never gave Petitioner permission to possess them, and each owner identified his or her respective firearm in court. Tr. at 569-71, 582-84, 585, 642-43. Further, the state provided testimony showing that the serial numbers had been altered on two of the pistols. Tr. at 584-85, 851, 855. If the jury believed this evidence, there was an adequate basis to determine that all three firearms were stolen.

Although Petitioner does not challenge the knowledge aspect of the statute, the undersigned notes that the altered serial numbers constitute some objective evidence to establish his knowledge that the firearms were stolen. Further, Petitioner testified that he knew he was not allowed to possess a firearm because he was "guilty of weapons under disability." Tr. at 1098, 1159. Further, he paid $400 for all three guns, and acknowledged that firearms are "a lot more expensive than that" and "guns are kind of a bargain out on the street." Tr. at 1159-60. This evidence combined is certainly sufficient to establish Petitioner's knowledge that the firearms he possessed were stolen.

For the foregoing reasons, the undersigned recommends that the Court dismiss Ground Two in its entirety with prejudice.

### iii.     Ground Three

In Ground Three, Petitioner asserts the ineffective assistance of appellate counsel based upon the purported failure to raise a claim of ineffective assistance of trial counsel. ECF Dkt. #1 at 10. Petitioner claims trial counsel was ineffective for failing to file a sufficient motion to suppress and for failing to challenge the court's ruling that resulted in the forfeiture of monies and other property. *Id*.

A defendant is entitled to the effective assistance of counsel in connection with his first

-22-

appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). The failure of appellate counsel to raise an issue can amount to constitutionally ineffective assistance. *Whiting v. Burt*, 395 F.3d 602, 616 (6th Cir. 2005); *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004). While appellate counsel need not raise every nonfrivolous issue on direct appeal, *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *McFarland*, 356 F.3d at 710; *Joshua*, 341 F.3d at 441; *Buell v. Mitchell*, 274 F.3d 337, 352 (6th Cir. 2001), counsel still must exercise reasonable professional judgment in determining which issues to raise. *Jones*, 463 U.S. at 753; *Joshua*, 341 F.3d at 441. The presumption of effective assistance of appellate counsel will be overcome only when the ignored issues are clearly stronger than the issues presented. *Joshua*, 341 F.3d at 441; *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel is not ineffective for failing to raise an issue that lacks merit. *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) ; *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001); *Jones*, 463 U.S. at 751-52 (it is important for appellate counsel to "winnow[ ] out weaker arguments on appeal and focus[ ] on one central issue if possible, or at most on a few key issues."); *Smith v. Murray*, 477 U.S. 527, 536 (1986) (the ability to discern worthy claims from unworthy ones is the "hallmark of effective appellate advocacy.") The Sixth Circuit has suggested that certain considerations be taken into account in determining whether counsel rendered ineffective assistance on appeal:

(1) Were the omitted issues "significant and obvious"?

(2) Was there arguably contrary authority on the omitted issues?

(3) Were the omitted issues clearly stronger than those presented?

(4) Were the omitted issues objected to at trial?

(5) Were the trial court's rulings subject to deference on appeal?

(6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?

(7) What was appellate counsel's level of experience and expertise?

(8) Did the petitioner and appellate counsel meet and go over possible issues?

(9) Is there evidence that counsel reviewed all the facts?

(10) Were the omitted issues dealt with in other assignments of error?

(11) Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes*, 388 F.3d at 191; *McFarland*, 356 F.3d at 711; *Martin v. Mitchell*, 280 F.3d 594, 605 (6th Cir. 2002). Additionally, "a habeas court may also consider '[p]revailing norms of practice as reflected in American Bar Association standards and the like.' " *Franklin v. Anderson*, 434 F.3d 412, 429 (6th Cir. 2006) quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984), *cert. denied*, 127 S. Ct. 941 (2007) .

"With respect to prejudice in the context of ineffective assistance of appellate counsel, a defendant must show a reasonable probability that, but for his counsel's defective performance, he would have prevailed on appeal." *Mapes*, 388 F.3d at 194. While this analysis requires an evaluation of the petitioner's underlying claims, it does not require a decision on these issues, but merely a determination that a reasonable probability exists that the petitioner would have prevailed on appeal. *Id*.

The undersigned will first address Petitioners' claim related to forfeiture. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are  '*in custody* in violation of the Constitution or laws or treaties of the United States.' " *Maleng v.  Cook*, 490 U.S. 488, 480 (1989) (emphasis in Supreme Court opinion, not in statute). The Supreme Court has  "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed. *Id*. at 490-91.  Here, Petitioner cannot demonstrate a cognizable claim of prejudice

because the underlying issue of forfeiture is irrelevant to the issue of whether he is in custody in violation of the Federal Constitution. *Johnson v. Money*, No. 1:05-CV-01806, 2007 WL 593553, *14 (N.D.Ohio Feb. 21, 2007), unreported; *U.S. v. Golden*, No. Civ.A. 04-4645, CRIM. 00-608-01, 2005 WL 3434004, *5 (E.D.Pa. Dec. 12, 2005), unreported. ("Golden avers trial counsel was ineffective in recommending he agree to forfeiture of property and the government violated a court order as to some of his assets. This Court lacks jurisdiction to hear a challenge under § 2255 to the forfeiture order because forfeiture is not a sufficient restraint on liberty to satisfy the "in custody" requirement for habeas corpus relief."). Therefore, the undersigned recommends that the Court dismiss Ground Three with prejudice insofar as it relates to forfeiture.

Lastly, Petitioner claims, in his traverse,  that appellate counsel failed to raise the issue of ineffective assistance of trial counsel for failing to raise possible illegalities regarding the manner in which police conducted the protective sweep of his home and then used the information obtained to secure a search warrant.  ECF Dkt. #18 at 24.[6]  Petitioner further contends that the search of his premises should have been challenged by trial counsel.  ECF Dkt. #18 at 24.  As Respondent notes, Petitioner's trial counsel did file a motion to suppress, and he requested an oral hearing.  ECF Dkt. #9, Ex. 7.  Trial counsel's motion specifically challenged the warrantless the search of Petitioner's home:

> The search warrant and Affidavit were predicated upon an illegal warrantless search of the Defendant's search [sic] by the Lorain Police Department;

ECF Dkt. #9, Ex. 7.  The trial judge conducted a hearing on the motion and ordered supplemental briefs.  ECF Dkt. #9, Ex. 39 (7/17/2006 entry).  Trial counsel also filed a supplemental brief.  ECF Dkt. #9, Ex. 8.  The trial judge ultimately denied the motion.  ECF Dkt. #9, Ex. 10.

---

[6]     Respondent notes that the petition does not specify what claim appellate counsel failed to raise in regard to the search and seizure of Petitioner's property.  The undersigned agrees.  Here, Respondent has not had a meaningful opportunity to respond to Petitioner's claims because he articulated them for the first time in his traverse.  *See Tyler v. Mitchell*, 416 F.3d 500, 503 (6th Cir. 2005) ("Because the penalty-phase insufficiency argument was first presented in Tyler's traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it.").

-25-

Given the procedural history, it appears that Petitioner's assertion is factually misplaced because trial counsel did in fact challenge the warrantless search of his home.  Therefore, it is clear that trial counsel's performance was not deficient based upon the purported failure to challenge this search.  Notably, the initial motion in this case was succinct.  However, trial counsel was challenging a warrantless search, where the state  would ultimately be required to demonstrate that an exception to the warrant requirement applied.[7]  Further, trial counsel sought an oral hearing, which the trial court granted.  Therefore, the undersigned fails to see any deficient performance by trial counsel in an alleged failure to pursue the issue.  It follows that appellate counsel was not deficient for failing to state a claim related to trial counsel's purported failure to raise the issue.  While it is not within the scope of the instant petition,[8] the undersigned notes that Petitioner has not alleged or demonstrated deficient performance or prejudice with respect to trial counsel's  presentation of the merits of the warrantless search issue at the hearing on July 17, 2006.  *See* ECF Dkt. #1 at 10; #18 at 19-25.   Accordingly, the undersigned recommends that  the Court dismiss Ground Three in its entirety with prejudice.

## VI.    CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.

---

[7]    "It is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Feldman,* 606 F.2d 673, n. 11 (6th Cir. 1979); *see also Xenia v. Wallace*, 37 Ohio St.3d 216, 218 (Ohio 1988).  "[S]earches and seizures conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well delineated exceptions." *Minnesota v. Dickerson*, 508 U.S. 366,  (1993); *see also Xenia*, 37 Ohio St.3d at 218.  Therefore, a defendant's showing that a warrantless search has occurred generally constitutes a prima facie showing of illegality, and the Government has the burden of showing that an exception applies. *United States v. Herndon*, 501 F.3d 683, 692 (6th Cir. 2007); *see also Xenia*, 37 Ohio St.3d at 218. The Government must show by a preponderance of the evidence that the search and seizure was reasonable.  *United States v. Matlock*, 415 U.S. 164, n. 14 (1974).

[8]    The instant petition is limited only to trial counsel's failure to pursue the motion to suppress.  ECF Dkt. #1 at 10; #18 at 19-25 ("the search of Petitioner's premises should have been challenged by trial counsel")

DATE:  December 23, 2010                    */s/ George J. Limbert*
                                            GEORGE J. LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation.  L.R. 72.3(b).